UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT


|   |   |
|---|---|
| JAMES A. HARNAGE, | : |
| Plaintiff, | : |
|  | : Civil No. 3:17-cv-355 (AWT) |
| v. | : |
|  | : |
| OMPRAKASH PILLAI, et al., | : |
| Defendants. | : |
|  | : |


INITIAL REVIEW ORDER

The plaintiff, James A. Harnage, who is currently
incarcerated at Corrigan-Radgowski Correctional Center in
Uncasville, Connecticut, has filed a complaint pro se, pursuant
to 42 U.S.C. § 1983.  The plaintiff names as defendants Dr.
Omprakash Pillai, Dr. David Giles, Lisa Caldonero, P.A. Rob, and
Rikel Lightner.  The plaintiff alleges that the defendants
retaliated against him.  Defendants Pillai, Giles and Lightner
are named in individual and official capacities.  The other
defendants are named in individual capacity only.  The complaint
was received by the court on February 28, 2017.  The plaintiff's
motion to proceed in forma pauperis was granted on March 20,
2017.

Under section 1915A of title 28 of the United States Code, the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  Id.  In reviewing a pro se complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]."  Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007).  Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief.  Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007).  Conclusory allegations are not sufficient.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  "'A document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  Boykin v. KeyCorp., 521 F.3d 202, 214 (2d Cir. 2008) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

I.   Factual Allegations

Following a bout of chronic constipation, the plaintiff developed a severe hemorrhoid and an abdominal hernia.  Both required surgical correction.  When the plaintiff's requests for surgery were ignored, he pursued legal action against the defendants for deliberate indifference to serious medical needs.

When the plaintiff asked defendant Rob to speak to Dr. Pillai about a prescription renewal, defendant Rob asked why he should help the plaintiff because he would just be named in a lawsuit.  When the plaintiff asked defendant Caldonero to speak with the doctor, she asked whether the request was to enable the plaintiff to sue her.

In October 2014 and February 2016, the plaintiff underwent surgical repair of his hemorrhoid, and in September 2015, surgical repair of the hernia.  Following each procedure, the defendants permitted conditions to exist that deprived the plaintiff of adequate post-operative care.  The plaintiff assumes that these actions were taken in retaliation for his filing lawsuits and grievances.

Following the hemorrhoid surgery, defendant Giles refused to provide the plaintiff with a prescription for various items needed to clean the surgical area, compress dressings, and a

doughnut pillow.  Defendant Giles also did not order the plaintiff returned to the correctional facility in a separate transport vehicle.  Defendants Rob and Caldonero refused to request a prescription from any doctor for these items and pain medication.  Defendant Pillai reduced the dosage of pain medication that had been prescribed by defendant Giles and also reduced the frequency of pain medication doses and the length of the prescription. In addition, instead of delivering the medication to the plaintiff's cell, the defendants required him to walk to the medical unit, about a quarter mile, to get the medication.

Following the hernia surgery, immediately after the plaintiff complained about a surgical intern, defendant Giles approved his discharge two days before the medically recommended discharge date.  Defendant Giles also approved the early removal of surgical staples and drain tubes.  These actions retarded the plaintiff's recovery.  Defendant Pillai discharged the plaintiff early from the facility infirmary, removed a PIC line, discontinued antibiotics and a secondary pain medication, changed his primary pain medication to something less effective, and reduced the length of the prescription because the plaintiff wanted to go to his cell to retrieve legal documents.

4

The plaintiff brought these issues to defendant Lightner's attention but she ignored his complaints and failed to correct any of the conditions.

II. Analysis

The plaintiff named Drs. Pillai and Giles and Rikel Lightner in both individual and official capacities.  However, he seeks only damages for relief.  The Eleventh Amendment divests the district court of subject matter jurisdiction over claims for money damages against state officials acting in their official capacities unless the state has waived that immunity or Congress has abrogated it.  See Kentucky v. Graham, 473 U.S. 159, 169 (1985).  Section 1983 does not abrogate state sovereign immunity, see Quern v. Jordan, 440 U.S. 332, 343 (1979), and the plaintiff provides no evidence that Connecticut has waived that immunity.  Accordingly, all claims against defendants Pillai, Giles and Lightner in their official capacities are dismissed. See 28 U.S.C. § 1915A(b)(2) (requiring dismissal of claims seeking "monetary relief from a defendant immune from such relief").

Although the plaintiff identifies his only claim as retaliation, he also included references to denial of access to the courts.  A review of the factual allegations shows no facts

supporting a claim for denial of access to the courts. To state a claim for denial of access to the courts, the plaintiff must demonstrate that the defendants acted deliberately and maliciously and that he suffered an actual injury. See Lewis v. Casey, 518 U.S. 343, 353 (1996). To establish an actual injury, the plaintiff must allege facts showing that the defendants took or were responsible for actions that hindered his efforts to pursue a legal claim, prejudiced one of his existing actions or otherwise actually interfered with his access to the courts. See Monsky v. Moraghan, 127 F.3d 243, 247 (2d Cir. 2002). The plaintiff has alleged no facts supporting an actual injury. Thus, any claims for denial of access to the courts are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

The plaintiff alleges that all of the defendants retaliated against him for filing lawsuits and grievances. To state a claim for retaliation, the plaintiff must allege facts showing that he was engaged in constitutionally protected activity, the defendants took adverse action against him, and a causal connection between the protected activity and the adverse action. See Davis v. Goord, 320 F.3d 346, 352 (2d Cir. 2003). To establish the causal connection, the plaintiff must show that the protected activity "was a substantial or motivating factor

for the adverse action taken" against him.  Bennett v. Goord, 343 F.3d 133, 137 (2d Cir. 2003) (citation omitted).  As retaliation claims are easily made, they are examined with "skepticism and particular care."  Davis, 320 F.3d at 352.

The plaintiff has alleged facts suggesting that the defendants' actions occurred after he exercised his First Amendment rights by submitting complaints or grievances or filing lawsuits.  Temporal proximity between protected conduct and adverse action is circumstantial evidence of retaliation. See Faulk v. Fisher, 545 F. App'x 56, 58 (2d Cir. 2013).  Thus, the retaliation claims will proceed.

III.  Conclusion

Any claims for denial of access to the courts are hereby DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1).  The claims against defendants Pillai, Giles and Lightner in their official capacities are hereby DISMISSED pursuant to 28 U.S.C. § 1915A(b)(2).  The case will proceed on the retaliation claims against the defendants in their individual capacities.

The court enters the following orders:

(1)  **The Clerk shall** verify the current work addresses for each defendant with the Department of Correction Office of Legal Affairs, mail a waiver of service of process request packet

7

containing the Complaint to each defendant at the confirmed address within **twenty-one (21) days** of this order, and report to the court on the status of the waiver request on the thirty-fifth (35) day after mailing.  If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on him in his individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(2)  **The Clerk shall** send written notice to the plaintiff of the status of this action, along with a copy of this order.

(3)  **The Clerk shall** send a courtesy copy of the Complaint and this order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(4)  The defendants shall file their response to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the waiver forms are sent.  If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claim recited above. They also may include any and all additional defenses permitted by the Federal Rules.

(5)  Discovery, pursuant to Federal Rules of Civil

Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order.  Discovery requests need not be filed with the court.

(6)  All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(7)  Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(8)  If the plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that the plaintiff MUST notify the court.  Failure to do so can result in the dismissal of the case.  The plaintiff must give notice of a new address even if he is incarcerated. The plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice.  It is not enough to just put the new address on a letter without indicating that it is a new address.  If the plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address. The plaintiff should also notify the defendant or the attorney for the defendant of his new address.

9

(9)  The plaintiff shall utilize the Prisoner Efiling Program when filing any document with the court.

It is so ordered.

Signed this 27th day of March 2017 at Hartford, Connecticut.

                                                       _____
                                                           /s/AWT
                                                          Alvin W. Thompson
                                               United States District Judge