```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT

------------------------------x
                              :
JAMES A. HARNAGE              :    Civ. No. 3:17CV00355(AWT)
                              :
v.                            :
                              :
DR. OMPREKASH PILLAI, et al.  :    June 1, 2018
                              :
------------------------------x
```

### **RULING ON PENDING MOTIONS**

Pending before the Court are four motions filed by self-represented plaintiff James A. Harnage ("plaintiff"). Two motions seek to compel responses to, and sanctions for defendant Rikel Lightner's failure to respond to, plaintiff's interrogatories and requests for production (collectively the "motions to compel"). [Docs. #33, #34]. The third motion seeks the entry of a default against all defendants for their failure to comply with a discovery order ("motion for default"). [Doc. #32]. The fourth motion seeks to "extend discovery nunc pro tunc." [Doc. #31 (sic)]. On May 18, 2018, and May 25, 2018, Judge Alvin W. Thompson referred those motions to the undersigned. [Docs. #35, #37]. Defendants Dr. Omprekash Pillai, Dr. David Giles, Lisa Caldonero, "P.A. Rob", and Rikel Lightner (collectively the "defendants") filed an objection to the pending motions on May 20, 2018. [Doc. #36]. On May 31, 2018, plaintiff filed a "response" to defendants' objection. [Doc. #38]. For the reasons set forth below, the Court **GRANTS, in**

**part, and DENIES, in part,** plaintiff's motions to compel [**Docs. ##33, 34**], **DENIES** plaintiff's motion for default [**Doc. #32**], and **GRANTS, in part, and DENIES, in part,** plaintiff's motion to extend discovery nunc pro tunc [**Doc. #31**].

I. Background

Plaintiff brings this action pursuant to 42 U.S.C. §1983. See generally Doc. #1, Complaint. Plaintiff alleges that Rikel Lightner, from whom the discovery at issue is sought, "is and was a medical staff member, employed by CMHC, and assigned duties as the Health Services Administrator, responsible for overseeing the medical services provided to inmates at MacDougall[.]" Id. at ¶6. At the time of the incidents alleged in the Complaint, plaintiff was incarcerated at the MacDougall Correctional Institute ("MacDougall"). See id. at ¶1.

Plaintiff generally alleges that in retaliation for filing lawsuits, grievances, and health service reviews, defendants "unreasonably denied, delayed and prolonged plaintiffs treatment[]" for his hemorrhoid and abdominal hernia, for which plaintiff eventually underwent surgery. Id. at ¶¶9-17 (sic). Plaintiff alleges, inter alia, that defendants permitted conditions to exist that "deprived the plaintiff of proper and adequate post-operative care." Id. at ¶16. As to defendant Lightner specifically, plaintiff alleges that she "retaliated against Harnage following the hemorrhoid surgery when after

Harnage filed numerous requests and Health Service Reviews asking that these conditions be corrected, Lightner ignored the plaintiffs pleas thereby condoning the conditions." Id. at ¶28 (sic). Defendants filed an answer to the Complaint on September 27, 2017, and asserted several affirmative defenses. [Doc. #23].

On November 2, 2017, Judge Thompson granted plaintiff's motion for extension of time until December 30, 2017, to complete discovery. See Doc. #28. In granting that motion, Judge Thompson warned: "No further extensions shall be granted." Id. On May 10, 2018, over four months after the close of discovery, plaintiff filed the two motions to compel and motion for default now at issue. See Docs. #32, #33, #34. Simultaneously with those motions, plaintiff filed a nunc pro tunc motion to extend the discovery deadline to July 9, 2018. [Doc. #31].

**II. Motions to Compel [Docs. #33, #34]**

Plaintiff's motions to compel seek responses to interrogatories and requests for production served on defendant Lightner. See Docs. #33, #34. Each of the discovery requests attached to plaintiff's motions bears a date of October 3, 2017. See Docs. #33-2, #34-2. At the time the requests were served on defendant Lightner, discovery was scheduled to close on October 26, 2017. See Doc. #9 at 8-9. Thus, the requests at issue were served within the then controlling discovery deadline.

### A. Legal Standard

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "[T]he burden of demonstrating relevance is on the party seeking discovery[.]" Mason Tenders Dist. Council of Greater New York v. Phase Constr. Servs., Inc., 318 F.R.D. 28, 36 (S.D.N.Y. 2016). Once the party seeking discovery has demonstrated relevance, the burden then shifts to "[t]he party resisting discovery ... [to] show[] why discovery should be denied." Cole v. Towers Perrin Forster & Crosby, 256 F.R.D. 79, 80 (D. Conn. 2009) (alterations added).

### B. Timeliness of Motions

In response to plaintiff's motions, defendants contend that each is untimely and that "alone justifies denying all of the motions outright." Doc. #36 at 1. Defendants also concede, however, that they "have not provided plaintiff with discovery in this specific action," but assert that "many of the concerns plaintiff's raises in these motions will be addressed by the

production" in another one of plaintiff's cases, Harnage v. Wu, 3:16CV1543(AWT). Id. (sic) (footnote omitted).[1]

Defendants are correct that plaintiff's motions could be deemed untimely as they were filed after the close of discovery. "Though Rule 37 does not establish time limits for such a motion, a party seeking to file a motion to compel after discovery has closed must ... establish good cause." Gucci Am., Inc. v. Guess?, Inc., 790 F. Supp. 2d 136, 139 (S.D.N.Y. 2011); accord Casagrande v. Norm Bloom & Son, LLC, No. 3:11CV1918(CSH), 2014 WL 5817562, at *2 (D. Conn. Nov. 10, 2014). Plaintiff "disagrees" with defendants' representation that his discovery is untimely and contends: "To the point any such pursuit of the enforcement of the discovery rules may be construed as 'untimely', the plaintiff posits that such untimeliness is a direct result of the defendants actions." Doc. #38 at 2 (sic). Plaintiff then lists the ways in which he believes defense counsel has obstructed his attempts to obtain discovery in this matter. See id. at 2-3. Plaintiff also attempts to lay blame on the Court for his untimely motions. See id. at 3. Generally, plaintiff fails to offer good cause for the Court to consider

---

[1] To the extent plaintiff would contend that his motions are timely because he simultaneously filed a motion to extend the discovery deadline nunc pro tunc, any such argument is without merit. As the Court has advised plaintiff in one of his other pending actions, a deadline is not extended by the filing of a motion; a deadline may only be extended by order of the Court.

his motions to compel at this late stage. Indeed, plaintiff is well-versed in litigation and he could have filed a motion seeking an extension of the discovery deadline. Or, he could have filed a motion to compel in November 2017, when the responses were due. He did not do so. Thus, the Court could simply deny plaintiff's motions as untimely. See, e.g., Richardson v. City of New York, 326 F. App'x 580, 582 (2d Cir. 2009) ("[T]he district court did not abuse its discretion in denying Plaintiff's motion to compel discovery, which was filed over one month after the close of discovery, as untimely."); James v. United States, No. 99CV4238(BSJ)(HBP), 2003 WL 22149524, at *6 (S.D.N.Y. Sept. 17, 2003) (denying motion to compel as untimely where it was filed six months after the close of discovery and the movant proffered no justification for the untimeliness). However, in recognition of plaintiff's self-represented status, and in light of the concession that defendants have not provided plaintiff with any discovery in this action, the Court will not deny the motions as untimely. See Doc. #36 at 1.

### C. Motion to Compel Answers to Interrogatories [Doc. #33]

Plaintiff has served fifteen interrogatories directed to defendant Lightner, to which she has provided no answers or objections. See Doc. #33-2. After reviewing those interrogatories and the allegations of plaintiff's Complaint, as

limited by the Initial Review Order, see Docs. #1, #9, the Court hereby orders as follows:

Defendant Lightner shall answer interrogatories 1, 3 through 7, and 10 through 12, as currently framed.

As to interrogatory 2, defendant Lightner shall identify her birth year only.

As to interrogatory 8, in the event defendant Lightner intends to call an expert witness at trial, that witness shall be disclosed pursuant to Rule 26 of the Federal Rules of Civil Procedure. Accordingly, the Court will not require defendant Lightner to answer interrogatory 8.

Interrogatory 9 is overbroad as framed. As to interrogatory 9, defendant Lightner shall answer whether she has ever been disciplined by the DOC or CMHC, or found liable in a civil action, for retaliating against an inmate. If she answers this interrogatory in the affirmative, then the Court will entertain a request by plaintiff to issue follow-up discovery on that issue.

Interrogatory 13 appears to be a "contention interrogatory." See Fed. R. Civ. P. 33(a)(2) ("An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact[.]"). A contention interrogatory is "a perfectly acceptable form of discovery[.]" Ritchie Risk-Linked Strategies Trading

(Ireland), Ltd. v. Coventry First LLC, 273 F.R.D. 367, 369 (S.D.N.Y. 2010) (citations omitted). "Such interrogatories 'may ask another party to indicate what it contends, to state all the facts on which it bases its contentions, to state all the evidence on which it bases its contentions, or to explain how the law applies to the facts.'" Strauss v. Credit Lyonnais, S.A., 242 F.R.D. 199, 233 (E.D.N.Y. 2007) (quoting McCarthy v. Paine Webber Group, Inc., 168 F.R.D. 448, 450 (D. Conn. 1996)). Accordingly, defendant Lightner shall answer interrogatory 13 as currently framed.

Interrogatory 15 is overbroad, not proportional to the needs of the case, and seeks irrelevant information. It potentially implicates every available photograph and video recording of the MacDougall facility from at least 2012 through 2016. Additionally, the allegations of the Complaint do not suggest that the video or photographic evidence contemplated by this interrogatory is relevant to plaintiff's claims of retaliation. Accordingly, the Court will not require defendant Lightner to answer interrogatory 14.

Interrogatory 15 is overbroad as framed. Defendant Lightner shall answer interrogatory 15 limited to any felony offense or any offense involving dishonesty or false statements, as contemplated by Rule 609 of the Federal Rules of Evidence. To the extent defendant Lightner has any safety or security

concerns, any such concerns may be alleviated by the entry of an appropriate protective order. See generally Fed. R. Evid. 609; Torcasio v. New Canaan Bd. of Ed., No. 3:15CV00053(AWT), 2016 WL 299009, at *2 (D. Conn. Jan. 25, 2016), reconsideration denied, No. 3:15CV00053(AWT), 2016 WL 1275028 (Apr. 1, 2016).

Accordingly, for the reasons stated, the Court **GRANTS, in part, and DENIES, in part**, plaintiff's motion to compel regarding the first set of interrogatories directed to defendant Lightner [**Doc. #33**]. Defendant Lightner shall provide answers to plaintiff's interrogatories, as limited above, on or before **July 9, 2018**. Plaintiff's request for monetary sanctions is **DENIED**.

### D. Motion to Compel Responses to Requests for Production [Doc. #34]

Plaintiff has served sixteen requests for production ("RFP") directed to defendant Lightner, to which she has not responded or objected. See Doc. #34-2. After reviewing those RFPs and the allegations of plaintiff's Complaint, as limited by the Initial Review Order, see Docs. #1, #9, the Court hereby orders as follows:

Defendant Lightner shall respond to the following RFPs, including the production of documents (if in her custody or control) and a privilege log, if applicable: 1, 3, 11, and 16.

RFPs 2 and 15 are overbroad as framed. Additionally, there are no John or Jane Doe defendants named in the Complaint, and therefore no apparent need for plaintiff to view such

photographs for purposes of identifying a defendant. In his response to defendants' objection, plaintiff contends that he requires such information because "[i]t is the only way, prior to meeting the defendants at trial, that the plaintiff can be certain that the defendants named, are the intended defendants." Doc. #38 at 3-4. Plaintiff further states that he "has been forced to guess at the identities of the defendants who consistently refuse requests to properly identify themselves." Id. at 3. Previously in this litigation plaintiff took issue with the identification of P.A. Rob and Lisa Caldonero. See, e.g., Docs. #24, #25. At no time has plaintiff raised an issue of misidentification of any other defendant. Nor did he name any John or Jane Doe defendants in the Complaint. See Doc. #1. Any question concerning the identity of P.A. Rob and Lisa Caldonero has now been resolved. See Docs. #26, #36. Accordingly, even assuming the requested photographs are in defendant Lightner's custody or control, the Court will not require defendant Lightner to respond to RFPs 2 and 15.

RFP 4 is not properly framed as a request for production and therefore the Court will not require defendant Lightner to respond to RFP 4.

RFP 5 is not properly framed as a request for production. Additionally, the names of any expert witnesses will be disclosed pursuant to Rule 26 of the Federal Rules of Civil

Procedure. Therefore, the Court will not require defendant Lightner to respond to RFP 5.

RFP 6 is overbroad. Defendant Lightner shall produce any photographs of plaintiff that are contained in plaintiff's DOC file for the period of 2012 through 2016, to the extent any such photographs are in her custody or control.

RFPs 7, 8, and 9 are overbroad as framed and seek irrelevant information. The allegations of the Complaint do not suggest that video or photographic evidence is relevant to plaintiff's claims of retaliation. Accordingly, the Court will not require defendant Lightner to respond to RFPs 7, 8, and 9.

As to RFP 10, a motion to compel such documents is premature at this stage. Judge Thompson will issue a pre-trial order which will set the deadlines by which the parties are to exchange exhibits.[2] See, e.g., Pouliot v. Paul Arpin Van Lines, Inc., No. 3:02CV1302(DJS), 2004 WL 1368869, at *3 (D. Conn. June 14, 2004) ("[T]he court does not compel Pouliot's disclosure of his trial exhibits at this time. This request could be unduly burdensome in light of the uncertain future date of a trial. The parties will have adequate time to review the various pieces of evidence that are designated for exhibition prior to the start

---

[2] A party may be precluded from introducing testimonial or documentary evidence that was not properly disclosed during the course of discovery. See, e.g., Fed. R. Civ. P. 37(b)(2)(A)(ii).

of trial."). Accordingly, the Court will not require defendant Lightner to respond to RFP 10.

RFP 12 is overbroad and seeks irrelevant information. Defendant Lightner shall produce plaintiff's entire DOC file for the years 2012 through 2016, to the extent that document is in her custody or control. The Court will permit redactions to that document for legitimate safety and security concerns.

RFPs 13 and 14 are overbroad as framed. Additionally, the Court will not require defendant Lightner to respond to these requests pending her answer to Interrogatory 9.

Accordingly, for the reasons stated, the Court **GRANTS, in part, and DENIES, in part**, plaintiff's motion to compel regarding the first requests for production directed to defendant Lightner [**Doc. #34**]. Defendant Lightner shall respond to plaintiff's RFPs, as limited above, on or before **July 9, 2018**. Plaintiff's request for monetary sanctions is **DENIED**.

III. **Motion for Default [Doc. #32]**

Plaintiff moves for the entry of a default against defendants for "failure to comply with this Courts Discovery Order (Doc. #26)[.]" Doc. #32 at 1 (sic). Plaintiff also contends that defendants failed to respond to any of his written discovery requests and has ignored "four (4) separate orders of The Honorable Sarah A. L. Merriam, and willfully ignored all the FRCVP governing discovery compliance[.]" Id. at 2. Plaintiff

asserts that defense counsel's conduct "permeates willfulness and bad faith." Id. (citation omitted).

As an initial matter, the four orders of the undersigned referenced by plaintiff in the motion for default were entered in a separate action brought by plaintiff. See Harnage v. Wu, No. 3:16CV1543(AWT). Accordingly, the disregard of those orders is not directly relevant to the Court's consideration of whether a default should enter in this case, against the defendants named here.

As to the order referenced in docket entry 26, on October 20, 2017, Judge Thompson ordered: "To avoid any confusion in the future, counsel is directed to file a notice providing the full names of the defendants referenced in the complaint as Physician's Assistant Rob and Lisa Caldonero. The notice shall be filed within twenty days from the date of this order." Doc. #26 at 2. As plaintiff correctly notes, counsel for defendants failed to file that notice as required by the Court. Defendants' scant objection to the motion for default merely states: "Regarding the identities of two of the defendants undersigned provides the following: to the best undersigned can tell, defendant 'Rob' is Mr. Bonetti and 'Caldonero' is Ms. Candelario." Doc. #36 at 2. Counsel for defendants offers no reason why he utterly failed to comply with Judge Thompson's October 20, 2017, Order.

The Court has grave concerns about defense counsel's behavior to date, including his struthious avoidance of Court orders and of all discovery in this matter. At this time, the Court declines to enter a default against defendants as this would inevitably punish the defendants for the omissions of their counsel. As plaintiff is now aware from his other pending cases, there is a well-established "preference that litigation disputes be resolved on the merits, and not by default[.]" S.E.C. v. Setteducate, 419 F. App'x 23, 24 (2d Cir. 2011). Accordingly, plaintiff's motion for default [**Doc. #32**] is **DENIED**.

However, counsel for defendants, Attorney Finucane, is hereby placed on notice that if in the future he ignores discovery requests or Court orders, in this case or any other case before the undersigned, this Court will not hesitate to impose sanctions upon him for such misconduct. Attorney Finucane is not entitled to ignore discovery requests and court orders because he feels that the opposing party is difficult, or because he believes that the case lacks merit. There are remedies within the Rules of Civil Procedure to deal with such scenarios and from here forward, Attorney Finucane must practice within the confines of such rules.

## IV. Motion to Extend Discovery Nunc Pro Tunc [Doc. #31]

Simultaneously with the motions to compel and motion for default, plaintiff filed a motion to extend discovery nunc pro tunc. [Doc. #31]. Plaintiff seeks an extension of the discovery deadline to July 9, 2018, in the event the Court denies his motion for default. See id. at 2. The Court having now denied plaintiff's motion for default, it next considers the request to extend the discovery deadline.

As grounds for the requested extension, plaintiff represents that he did not further pursue discovery in this matter "in light of commitments by counsel to 'provide the plaintiff with two (2) sets of his entire medical record to be used for all of the plaintiffs medical cases'; that the information relevant to this action, for which plaintiff needed discovery; would, by agreement; be provided at one time, in one action." Id. at 1 (sic). Rather, plaintiff asserts than "[i]n an attempt to be reasonable" he "pursued the discovery of these materials in the matter of Harnage v. Wu, 3:16-cv-1543, an earlier pending action with discovery in process." Id. (sic). Plaintiff contends that he did not receive any discovery in that action until April 25, 2018, when he received copies of his "hard copy" medical records. Id. Plaintiff further asserts that counsel for defendants "did not produce any other materials requested by ANY of the plaintiffs numerous requests for

production ... and; did not respond to ANY of the numerous interrogatories propounded to the defendants[.]" Id. at 2 (sic). The Court construes plaintiff's motion as one for modification of the scheduling order and to reopen discovery.

Pursuant to the Local Rules, any request for an extension of time must be supported by a showing of good cause. See D. Conn. L. Civ. R. 7(b)(1). The Second Circuit has emphasized that "a finding of 'good cause' depends on the diligence of the moving party." Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000). Here, plaintiff filed his motion to extend the discovery deadline over four months after the close of discovery. Although plaintiff contends that such tardiness resulted from defense counsel's failure to provide discovery in another one of plaintiff's actions, such a late filing does not support a finding of diligence on the part of plaintiff. See, e.g., Shemendera v. First Niagara Bank N.A., 288 F.R.D. 251, 253 (W.D.N.Y. 2012) ("The filing of a request for an extension on the final day of the time period does not provide good cause for an extension of the deadline. To the contrary, it is evidence of being remiss in one's duties." (citation omitted)). Indeed, plaintiff contends that defense counsel made representations regarding the production of discovery in that other matter on December 11, 2017. See Doc. #31 at 2. At that time discovery was set to close on December 30, 2017. See Doc. #28. Plaintiff's

delay of over four months after that date to seek an extension of the discovery deadline is not reasonable.

In addition to diligence, courts in this Circuit consider several other factors in assessing whether to extend a scheduling order and reopen discovery: "(1) the imminence of trial; (2) whether the request is opposed; (3) prejudice to the nonmoving party; (4) whether the moving party foresaw the need for additional discovery, in light of the discovery deadline set by the court; and (5) whether further discovery is likely to lead to relevant evidence." Casagrande, 2014 WL 5817562, at *2 (D. Conn. Nov. 10, 2014) (quoting Jeannite v. City of New York Dep't of Bldgs., No. 09CV3464(DAB)(KNF), 2010 WL 2542050, at *2 (S.D.N.Y. June 21, 2010)).

Here, although a trial date has not yet been set, this matter is trial-ready as both the discovery and dispositive motions deadlines have now passed. This factor weighs against extending the scheduling order and reopening discovery.

Defendants oppose plaintiff's motion to extend the discovery deadline. This factor also weighs against extending the scheduling order and reopening discovery.

Reopening discovery and extending the scheduling order would cause some prejudice to defendants. However, because defendants have not provided <u>any</u> discovery responses to date, any such prejudice is countered by defendants' avoidance of

their discovery obligations. Accordingly, this factor weighs in favor of extending the scheduling order and reopening discovery.

As to the fourth factor, plaintiff is an experienced party in federal court, and he undoubtedly foresaw the need for additional discovery in light of the discovery deadline set by Judge Thompson and that he had not received <u>any</u> discovery in this matter as of at least December 11, 2017. This factor weighs against extending the scheduling order and reopening discovery.

Finally, whether <u>additional</u> discovery that has not already been propounded may lead to relevant evidence is unclear. Plaintiff has failed to proffer any information at all regarding what additional discovery he would seek from which defendant. Further, plaintiff will be receiving discovery in a separate case, <u>Harnage v. Wu</u>, 16CV1543(AWT), which may inform some of the claims asserted in this matter. Accordingly, this factor also weighs against extending the scheduling order and reopening discovery.

On balance, the above-referenced factors and plaintiff's diligence, or lack thereof, do not weigh in favor of extending the scheduling order and reopening discovery. "A party seeking to reopen discovery bears the burden of establishing good cause and discovery should not be extended when there was ample opportunity to pursue the evidence during discovery." <u>Pharmacy, Inc. v. Am. Pharm. Partners, Inc.</u>, No. 05CV776 (DRH)(AKT), 2008

WL 4415263, at *3 (E.D.N.Y. Sept. 24, 2008). Here, plaintiff has failed to establish good cause for the reopening of discovery, or otherwise extending the scheduling order. Plaintiff has had ample opportunity to conduct discovery in this matter, which has been pending since February 28, 2017. Although plaintiff seeks to place blame on defense counsel and the Court for his failure to pursue discovery and other relief in this matter, the fact remains that he did not seek any type of relief in this matter for over four months. "Plaintiffs, as initiators of lawsuits, must be held accountable for their actions just as litigants can be held to the actions of their counsel." Lopez v. Ramos, No. 11CV07790(NSR), 2013 WL 6912692, at *3 (S.D.N.Y. Dec. 30, 2013). That plaintiff chose to focus his efforts on other litigation, or was unfortunately stonewalled by defense counsel, does not excuse his own inattentiveness to this particular case.

Accordingly, the Court **GRANTS, in part, and DENIES, in part**, plaintiff's motion to extend the discovery deadline [**Doc. #31**]. The Court will extend the discovery deadline, nunc pro tunc, to July 9, 2018, **but only** for the purpose of allowing defendants to respond to any outstanding written discovery requests (including those identified in the motions to compel addressed above) already propounded by plaintiff in this action. Defendants are hereby **ORDERED** to provide any such responses, or objections, on or before **July 9, 2018.** The Court will not permit

the parties to conduct any additional discovery during this time. The parties shall file a joint trial memorandum on or before **August 31, 2018.**

Thus, for the reasons stated, plaintiff's motion to extend discovery nunc pro tunc is **GRANTED, in part, and DENIED, in part.**

V. **Conclusion**

For the reasons stated above, the Court **GRANTS, in part, and DENIES, in part,** plaintiff's motions to compel [**Docs. ##33, 34**], **DENIES** plaintiff's motion for default [**Doc. #32**], and **GRANTS, in part, and DENIES, in part,** plaintiff's motion to extend discovery nunc pro tunc [**Doc. #31**].

This is not a Recommended Ruling. This is an order regarding discovery and case management which is reviewable pursuant to the "clearly erroneous" statutory standard of review. See 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at New Haven, Connecticut, this 1st day of June, 2018.

                                    /s/
                            HON. SARAH A. L. MERRIAM
                            UNITED STATES MAGISTRATE JUDGE